IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
|     Plaintiff                                   ) | |
|                                                         ) | |
| v.                                                    ) | CRIM. NO. 13-00142-WS |
|                                                         ) | |
| CRYSTAL HOPE HENRY, and         ) | |
| LYDIA RUTH BROWN                      ) | |
|     Defendants.                             ) | |

**UNITED STATES' REPLY TO DEFENDANT HENRY'S RESPONSE
TO UNITED STATES' MOTION IN LIMINE TO PRECLUDE
CERTAIN DEFENSES**

The United States of America, by and through the United States Attorney for the Southern District of Alabama, pursuant to the Court's Order (Doc. 106), files this reply to Henry's response (Doc. 124) to the United States motion in limine to preclude certain defenses (Doc. 104).  The United States moves the Court to hold a pretrial hearing as to Henry's alleged advice of counsel defense and to enter an order precluding certain defenses, testimony, and argument relative to the purported legality of Henry's conduct subject to the issue being addressed during trial at sidebar.

**I.      Introduction**

Counts 8 and 9 of the Superseding Indictment allege that Henry and others were involved in importing and distributing the chemical XLR11, a controlled

1

substance analogue.[1]   But Henry is *not charged* with a violation involving UR-144.   Henry's response confuses XLR11, the substance charged in Counts 8 and 9, with UR-144.   XLR11 is also known as 5-FUR-144 and as 5-fluoro-UR-144.   XLR11 is *not* UR-144.[2]

## II.   Advice of Counsel

### A. Reciprocal Discovery

Henry contends in her response, Doc. 124 at 1, that Attorney Dandar "provided legal advice" to ZIW, LLC; ZENBIO LLC; and BIOZEN LLC.   The reciprocal discovery provided the United States does not show that attorney Dandar was *Henry's* attorney, that Henry fully disclosed all material facts to attorney Dandar, or that Henry relied on advice received from attorney Dandar *before* undertaking her illegal conduct.

On January 9, 2014, Henry's counsel produced reciprocal discovery which

---

[1] The remaining counts of the Superseding Indictment *do not* require proof that XLR11 was an analogue or a controlled substance.   Thus, Henry's "advice of counsel" defense, allegedly involving advice she received as to whether XLR11 was an analogue or controlled substance, would not apply to the remaining counts.

[2]   The United States notes Henry's response in both Docs. 124 and 125 confuses XLR11 with UR-144, which is not charged, and discusses them interchangeably. XLR11 is also known as 5-FUR-144 and as 5-fluoro-UR-144 but is *not* UR-144. An overview of the Superseding Indictment, Doc. 62, shows that there are no counts alleging violations involving UR-144.

consisted of the following as relates to this issue:

- An email dated December 11, 2013, with the subject line "Representation Agreement" from Attorney Dandar's office to J. Way at Zencense, which was forwarded to Henry by Way.  The Agreement proposes to furnish legal representation to ZENBIO LLC in connection with "its possession and sale of aroma products."   The copy of the Representation Agreement provided is not executed by the client.

- An email dated February 26, 2013, with the subject line "Engagement Letter" from Attorney Dandar's office to Henry. The letter is addressed to "BIONATURALS INC. Attn: Crystal Henry" but the salutation is to James Vail.

- An email dated March 22, 2013, with the subject line "ZENBIO, LLC Weekly Status Update (3-22-13)" from Attorney Dander to Jim Vail and Henry.   The first paragraph of the letter represents it is a list of "known relevant House and Senate bills from the current (2013) Legislative Session for all 50 states and federally . . ."   It also notes the report "relies primarily upon information provided through the corresponding legislative/administrative agency's website as of 5:00 PM EDT on the date above."   There is no mention of *any* federal bill in the list from Dandar or any mention of XLR11.   This e-mail is attached as Exhibit A.

- An email dated April 17, 2013, with the subject line "BIOZEN LLC- Limited Engagement Letter" from Attorney Dandar's office to Henry.   The Engagement Letter acknowledges the "limited nature of the proposed representation."

- An email dated April 19, 2013, with the subject line "BIOZEN, LLC- Weekly Status Update (4-19-13) from Attorney Dandar's office to James Vail and Henry.   The update does not discuss any federal bill or law and does not mention XLR11.   The update is the same format as Exhibit A mentioned above.

3

- An email dated April 23, 2013, with the subject line "BIOZEN, LLC- (1st set) Confidential Legal Opinion Letters for April," from Dandar's office to Vail and Henry.  There are two attachments to this email- one discusses the legal status of 5F-PB-22 ,which is not charged in the Superseding Indictment.  The other discusses the Legal Status of 5FUR-144, which is the same as XLR11, and notes it is "ILLEGAL."  The letter discussing 5FUR-144 notes that it relates to the "Legal Status of 5FUR-144 for all Fifty (50) *States*." (emphasis added).

None of the reciprocal discovery produced provides any legal analysis or discusses any facts provided by Henry.  The newsletter or summary of state laws is generic information which appears to be from state websites.  No copies of engagement letters signed by the companies, if any exist, were provided in reciprocal discovery.

Henry represents she received weekly update letters from Dandar, yet only three or four such "weekly" updates were provided in reciprocal discovery.  She also claims Dandar was retained to provide legal advice about changes in the United States drug laws and the drug laws of the fifty states.  Henry's belief that she was acting lawfully or even in compliance with state law is irrelevant as to *federal* criminal liability.

Noticeably absent in the reciprocal discovery or in any of Henry's responses is an affidavit from attorney Dander or a summary of any disclosures Henry made to Dandar.  Even if the Court were to assume everything presented in Henry's

response as true, it is insufficient to entitle her to an advice of counsel charge. Thus to allow her to proceed at trial with this defense- even in opening argument- absent a pretrial hearing to determine if she can make a colorable showing of such defense has the potential to confuse the jury with irrelevant and prejudicial evidence.

    B.  **Legal issues**

Henry relies on two district court opinions, issued in civil matters, about the attorney client privilege, opinions which do not even address the advice of counsel defense. Thus, they have no application here. Henry's response fails to discuss substantial portions of the applicable law as to advice of counsel.

Before Henry would even be qualified to receive a jury instruction on good faith reliance on the advice of counsel, she must show that (1) she *fully disclosed* to *her* attorney *all* material facts that are relevant to the advice for which she consulted the attorney; and (2) thereafter, she relied in good faith on advice given by *her* attorney. *United States v. Hill*, 643 F.3d 807, 851 (11th Cir. 2011) (emphasis added); *see also United States v. Condon,* 132 F.3d 653, 656-57 (11th Cir. 1998) (rejecting advice of counsel instruction when defendant failed to disclose the pertinent facts surrounding the transaction at issue); *United States v. Conner*, 752 F.2d 566, 574 (11th Cir. 1985) (advice of counsel instruction requires that the advice sought be for *future conduct*). Henry's criminal activity was already well

underway by the time she allegedly sought the advice of counsel.   Henry cannot and has not met the required showing.

There is no showing that Henry had an attorney-client relationship with attorney Dandar, and any advice sought by her in late April 2013 does not absolve her of conduct occurring *prior to* that date with which she is charged in Counts 8 and 9.  This defense will not shield defendants who retained counsel to ensure the success of their ongoing criminal activity, rather than to secure legal advice. *United States v. Shewfelt,* 455 F.2d 836, 838 (9th Cir. 1972).

Henry does not present any argument that she provided *any* disclosures to Attorney Dander, much less full disclosure of *all* relevant facts, or that her alleged reliance on "advice" provided the "companies" qualifies as an advice of counsel defense.  *See United States v. Romero*, __F. App'x__, 2013 WL 5779802, at 4 (11th Cir. October 28, 2013) ("noting that Romero did not personally consult with an attorney, that there was no evidence that Fernandez" (the owner of Romero's company) had fully apprised his attorney of all material facts, and "that Romero's asserted reliance on Fernandez's representations was adequately covered by the general good-faith instruction")

Henry should be barred from presenting such a defense or related evidence without making a requisite *pretrial* showing.   Indeed, none of the reciprocal discovery demonstrates that she made a full disclosure of her activities to *any*

6

attorney, much less Attorney Dandar. Nor is there any reciprocal discovery that Henry received specific advice from counsel as to a course of conduct to be followed *prior to* commencing her conduct. Lastly, there is no known evidence that Henry relied on such legal advice in good faith. Nor does she challenge the United States representation that she knew the products in question were being seized by law enforcement during the time she was allegedly receiving advice that the products were "legal." As such, if Henry intends to present an "advice of counsel" defense or offer related evidence, the Court should hold an evidentiary hearing to determine whether such evidence is even admissible pursuant to Fed. R. Crim. P. 104 or should be excluded pursuant to Fed. R. Crim. P. 403.

Testimony by Henry about out-of-court statements made by attorney Dandar may also be excludable as hearsay under Fed. R. Evid. 801. Certainly, if the Court rules Henry has failed to meet the evidentiary predicate that would entitle her to raise the advice of counsel issue at trial, then any testimony by Henry about statements allegedly made by attorney Dandar would be inadmissible and irrelevant hearsay.

Because the alleged advice of counsel defense does not rise to the level of a cognizable legal defense given what has been represented thus far, evidence (as well as argument) related to this claim should also be barred as inadmissible, self-serving hearsay evidence. Such a ruling would not prevent Henry from presenting

7

evidence to negate her intent to commit a crime. *See United States v. Alvear*, 181 F. App'x 778, 782 (11th Cir. 2006) (Holding the district court, who had excluded testimony regarding Alvear's duress argument, previously identified in a proffer, was not an abuse of discretion where the district court excluded only testimony regarding threats and coercion, evidence that might have confused the issues and misled the jury into believing that Alvear's actions could be excused because of duress. The Eleventh Circuit found the testimony would have provided the jurors with information that Alvear's acts were coerced despite the fact that he could not, as a matter of law, rely on the duress defense.)

### C. Ignorance of Law and Mistake of Law and Fact

The United States contends Henry should be precluded from arguing or presenting evidence related to ignorance of the law, mistake of law, and mistake of fact at trial. "[I]gnorance of the fact that one's conduct is a violation of the law is no defense to criminal prosecution." *United States v. Nelson*, 712 F.3d 498, 508 (11th Cir. 2013). Henry's response, Doc 124 at 3, addresses *mens rea* or intent, not ignorance of the law or mistake of law or fact.

Emails seized from Henry's email account indicate that Henry was well aware that her activities could be violations of the law and that products she distributed containing XLR11 were being seized by law enforcement.[3]

Specifically, in finding that "mistake of law" was no defense in an analogue prosecution similar to the present case, the Second Circuit Court of Appeals in *United States v. Ansaldi,* 372 F.3d 118, 127-28 (2d. Cir. 2004), noted:

> What [the defendants] are attempting to argue as a "defense" is that their mistake of law negates the intent element of the crimes of conviction.  Ignorance or mistake of law is not a defense to all crimes charged.  For the most part the prosecution need not show that the defendant knew the illegality of the conduct for which is charged. (Citation omitted).  It is true that some crimes require proof of a legal requirement, and in, proving those crimes, the prosecution must prove the requisite legal knowledge. [The defendants] were not convicted of such crimes.

*Id*.

Thus, Henry should be precluded from presenting an ignorance of the law and mistake of law and fact defense in opening argument and at trial, absent a sidebar ruling by the Court during the trial of this matter.

## **Conclusion**

For the reasons set forth above, the United States respectfully requests that the Court hold a pretrial hearing as to Henry's alleged advice of counsel defense and enter an order precluding certain defenses, testimony, and argument relative to

---

[3]  Clearly Henry could not believe law enforcement was regularly seizing legitimate potpourri.

the purported legality of Henry's conduct subject to the issue being addressed during trial at sidebar.

Respectfully submitted this 5th day of March, 2014.

        KENYEN R. BROWN
        United States Attorney
        Southern District of Alabama

        By:

        s/ *Deborah A. Griffin*
        Deborah A. Griffin
        Assistant United States Attorney
        United States Attorney's Office
        63 South Royal Street, Suite 600
        Mobile, Alabama   36602
        Telephone:   (251) 441-5845

## Certificate of Service

I hereby certify that on March 5, 2014, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to counsel for the defendants Henry and Brown.

        s/ *Deborah A. Griffin*
        Deborah A. Griffin
        Assistant United States Attorney