# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) |
|---|---|
| | ) |
| v. | ) CRIM. ACTION 13-0142-WS |
| | ) |
| CRYSTAL HOPE HENRY, | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

This matter is before the Court on the defendant's motion to declare 21 U.S.C. §§ 802(32)(A) and 813 (collectively, "the Analogue Act")[1] unconstitutional as applied. (Doc. 77). The government has filed a response, (Doc. 94), and the defendant declined the opportunity to file a reply. (Docs. 118, 120).

The defendant's motion addresses Counts Eight and Nine of the superseding indictment. Count Eight charges the defendant with conspiracy to distribute, and to possess with intent to distribute, a controlled substance analogue ("CSA"), and Count Nine charges her with conspiracy to import a CSA. (Doc. 62 at 12-13).

"A controlled substance analogue shall, to the extent intended for human consumption, be treated, for the purposes of any Federal law as a controlled substance in schedule I." 21 U.S.C. § 813. The alleged CSA here is XLR11. The controlled substance as to which XLR11 is alleged to be an analogue is JWH-18.

> Except as provided in subparagraph (C) [which does not apply here], the term "controlled substance analogue" means a substance –
> (i) the chemical structure of which is substantially similar to the chemical structure of a controlled substance in schedule I or II;
> (ii) which has a stimulant, depressant, or hallucinogenic effect

---
[1] *United States v. Brown*, 415 F.3d 1257, 1261 (11th Cir. 2005).

on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II; or
 (iii) with respect to a particular person, which such person represents or intends to have a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II.

21 U.S.C. § 802(32)(A).[2]

The defendant argues that Section 802(32)(A)(i) is unconstitutionally vague as applied to XLR11 and that Section 813 (because it depends on the definition in Section 802(32)(A)(i)) is likewise unconstitutionally vague. In particular, she argues that the definitional requirement that a CSA possess a chemical structure "substantially similar" to that of a controlled substance failed to give her fair warning that XLR11 was a CSA and fails to properly cabin prosecutorial discretion. (Doc. 77 at 1).

The government suggests the defendant's motion should be resolved based exclusively on the allegations of the superseding indictment, without consideration of any evidentiary material. (Doc. 94 at 29-30, 36-39). If material beyond the indictment is considered, the government continues, that consideration should await trial, when the parties can present their conflicting evidence relevant to the constitutional issue. (*Id*. at 30-36). Either way, the government says, the instant motion should be denied, with the defendant to re-assert her constitutional

---

[2] The absence of a conjunction between subsections (i) and (ii) has engendered much confusion, probably needlessly. Most courts have either decided or assumed that an "and" should be read into the provision. *E.g., United States v. Turcotte*, 405 F.3d 515, 522-23 (7th Cir. 2005) ("joining the vast majority of federal courts in adopting the conjunctive reading" and citing representative cases); *cf. Brown*, 415 F.3d at 1261 (assuming without deciding that the proper reading is conjunctive). Because the government concedes that Section 802(32)(A) requires in all cases that subsection (i) be satisfied, plus either subsection (ii) or subsection (iii), (Doc. 94 at 4), the Court need not weigh in on the issue.

challenge at trial. (*Id*. at 36). Should the Court elect to resolve the motion on its merits at this juncture, the government argues it should be denied without an evidentiary hearing because the defendant has not identified facts which, if true, would support relief. (*Id*. at 39-40).[3] The defendant requests an evidentiary hearing, (Doc. 77 at 4), but she has not replied to the government's arguments.

The government acknowledges it can find no Eleventh Circuit support for resolving an as-applied constitutional challenge based only on the allegations of the indictment. (Doc. 94 at 29). Nor has the government explained what facts the defendant should have, but failed to, assert, the absence of which should result in denial of her motion without a hearing. The Court therefore declines to pursue either of those avenues proposed by the government.

The choice thus distills into one between holding a pretrial evidentiary hearing or delaying consideration of the constitutional issue until trial. The Court elects the latter course. In her brief, the defendant identifies four expert witnesses concerning XLR11 whom she expects to present in support of her constitutional challenge, (Doc. 77 at 4), and the government identifies two such witnesses. (Doc. 94 at 2, 5).[4] During a recent telephone conference, the parties disclosed that they will present a combined ten expert witnesses at trial,[5] each of whom is expected to testify an entire day. The Court is skeptical that ten experts are required in order

---

[3] Although not clearly expressed, the government may also suggest the law is sufficiently developed that the Court can deny the defendant's motion on its merits as a matter of law. (Doc. 94 at 43-51). However, this portion of its brief is peppered with references to the "evidence," to "credibility," and to "factual dispute," which at least implies a need to hear such evidence. The government discusses the single trial court decision rejecting an as-applied challenge as to XLR11, (*id*. at 49-51), but fails to explain how that decision could be dispositive of the issue here so as to obviate any presentation of evidence.

[4] According to the defendant, the government has identified a third expert on the issue. (Doc. 135 at 2).

[5] They have made a similar representation to the Magistrate Judge. (Doc. 102 at 2-3).

to resolve the constitutional challenge, and it seems likely that the testimony of some such witnesses would be excludable as cumulative under Rule 403.[6]  But it is clear that any evidentiary hearing would be a time-intensive exercise.[7]  It also appears that the same experts that would testify at a pretrial hearing – most or all of whom must travel from afar – would also testify at any trial on the merits of Counts Eight and Nine, such that a pretrial hearing risks a great deal of redundant testimony should the constitutional challenge fail.  Moreover, only two of the superseding indictment's fifteen counts hinge on the constitutional challenge, so even a successful challenge cannot obviate trial.  Finally, the defendant had the opportunity to file a reply brief supporting her request for an evidentiary hearing but declined to do so.

For the reasons set forth above, the defendant's motion to declare Sections 813 and 802(32)(A) unconstitutional as applied is **carried to trial**.  However, in the hope that they will focus the parties' attention and efforts, the Court offers the following observations based on the arguments raised by the parties' briefs.

**I. A Defendant's Awareness That Her Conduct Violated Federal Law Defeats Her Claim of Lack of Fair Notice.**

"As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461

---

[6] While it is not clear that all ten experts will be relevant to the constitutional issue, it is quite clear that at least six of them will be, and that their testimony is expected to last a total of six days.

[7] In addition to expert testimony about the similarity of XLR11's chemical structure to that of JWH-18, the government intends to present evidence of the defendant's conduct and statements reflecting her awareness that XLR11 was a CSA. (Doc. 94 at 31).  As discussed in Part I, such evidence is appropriately considered in connection with a vagueness challenge, and its presentation would extend the length of a pretrial hearing even further.

U.S. 352, 357 (1983). "A conviction fails to comport with due process if the statute under which it is obtained fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *United States v. Williams*, 553 U.S. 285, 304 (2008).

"Void-for-vagueness challenges, absent a First Amendment claim, are evaluated as applied to the facts of each case." *United States v. Wetherald*, 636 F.3d 1315, 1326 (11th Cir. 2011); *accord United States v. De Pietro*, 615 F.3d 1369, 1371 (11th Cir. 2010) (a defendant may challenge a criminal statute as unconstitutionally vague "as applied to her own individual facts and circumstances"). One such fact or circumstance is the defendant's awareness vel non that the conduct in which she is engaged is unlawful. A defendant who is aware that her conduct is prohibited has received more than fair notice that her conduct is prohibited, and such a defendant cannot successfully mount a vagueness challenge based on a lack of fair notice.

This principle is borne out in a number of appellate cases. *See, e.g., United States v. Wu,* 711 F.3d 1, 15-16 (1st Cir. 2013) (where there was "ample evidence at trial" that the defendants "knew they were violating U.S. export regulations when they shipped the phase shifters to China without government permission," they "cannot claim that they lacked 'fair notice' of the [regulatory] restrictions," and the restrictions "are not void for vagueness" as applied to them); *United States v. Backlund*, 689 F.3d 986, 997 (9th Cir. 2012) (where the defendants "had actual notice that their use of National Forest System lands violated Forest Service regulations," there "is no due process problem here"); *United States v. Roberts*, 363 F.3d 118, 123 (2nd Cir. 2004) ("That skepticism [of the defendant's vagueness challenge] is further buttressed by the government's proffer that the defendants actually believed what they were doing was illegal."); *United States v. Washam*, 312 F.3d 926, 930 (8th Cir. 2002) (an argument that a defendant with actual notice his conduct is illegal cannot claim unconstitutional vagueness "has some appeal"

5

where, "even though the shipping label said not to ingest, [the defendant] charged an exorbitant mark-up price on the chemical, and he commented about other chemicals that *were* legal for human consumption") (emphasis in original); *United States v. Saffo*, 227 F.3d 1260, 1270 (10th Cir. 2000) (where the defendant took extensive steps to conceal her activities, lied to the DEA and handled millions of dollars in cash, "[t]he evidence produced at trial demonstrates that [she] had knowledge of the illegality of her activities, and thus this is not a situation where she could not reasonably understand that her contemplated conduct is proscribed.") (internal quotes omitted); *United States v. Pitt-Des Moines, Inc.*, 168 F.3d 976, 990 (7th Cir. 1999) ("Holding PDM liable for failing even to inform its employees of a regulation it was aware of and knew applied to its project, does not offend due process[, and] PDM's vagueness challenge therefore fails.").

The Eleventh Circuit, without expressly adopting this principle, has indicated its agreement with it. *See United States v. Biro*, 143 F.3d 1421, 1429 (11th Cir. 1998) (where "[t]he evidence was sufficient to show that each Appellant had notice that the sale of ESIDs violated federal law," their void-for-vagueness challenge failed); *United States v. Carlson*, 87 F.3d 440, 444 (11th Cir. 1996) (where the defendants "obviously had actual notice that possessing precursor chemicals [to MDMA] was prohibited" and moved their lab abroad when MDMA first became illegal in the United States, their vagueness challenge to the Analogue Act failed).

Based on these authorities, the Court concludes that, if the defendant by her conduct and statements manifested awareness that XLR11 was a CSA, her fair notice challenge must fail. The government asserts it will present such evidence at trial. (Doc. 94 at 31-32). If sufficiently persuasive, such evidence may defeat the defendant's fair notice objection.

## II. A Defendant's Conviction of a Crime That Includes as an Element Her Intent to Violate the Law Defeats Her Claim of Lack of Fair Notice.

The Supreme Court "has recognized that a scienter requirement may mitigate a law's vagueness, especially with respect to the adequacy of notice to the complainant that his conduct is proscribed." *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 499 (1982). In particular, "where the punishment imposed is only for an act knowingly done with the purpose of doing that which the statute prohibits, the accused cannot be said to suffer from lack of warning or knowledge that the act which he does is a violation of law." *Screws v. United States*, 325 U.S. 91, 102 (1945). Thus, "[t]he requirement that the act must be willful or purposeful … relieve[s] the statute of the objection that it punishes without warning an offense of which the accused was unaware." *Id*.; *accord United States v. Hasner*, 340 F.3d 1261, 1269 (11th Cir. 2003); *United States v. Castro*, 89 F.3d 1443, 1455 (11th Cir. 1996).

This rule effectively serves as a particular application of the "actual notice" principle. When conviction requires the jury to find the defendant knew what she was doing was illegal, the conviction itself establishes that the defendant had actual notice, and thus fair notice, that her conduct was prohibited.

The question becomes whether the defendant is charged in Counts Eight and Nine with crimes that require the government to prove she knew the illegality of her conduct. When a statute requires that the defendant act "willfully," the prosecution "must prove that the defendant acted with knowledge that his conduct was unlawful." *United States v. Tobin*, 676 F.3d 1264, 1280 n.6 (11th Cir. 2012) (internal quotes omitted). In contrast, when a statute requires only that the defendant act "knowingly," the prosecution must show only that "the act was performed voluntarily and intentionally, and not because of a mistake or accident." *Id*. (internal quotes omitted).

Count Eight charges the defendant with conspiring to violate 21 U.S.C. § 841(a), in violation of 21 U.S.C. § 846. The underlying statute, Section 841(a),

does not use the term "willfully" but does employ the term "knowingly." Thus, "the mens rea under Section 841(a)(1) is knowledge rather than willfulness." *Tobin*, 676 F.3d at 1264. However, "[w]e have repeatedly recognized that a conviction under Section 846 requires evidence of willfulness on the part of the defendant." *Id*. at 1284. Because "willfulness is an element of a drug conspiracy under Section 846," a defendant may present "evidence of [her] lack of knowledge regarding the illegality of the objectives of the conspiracy, or [her] good faith belief about the legality of [her] conduct." It thus appears that, should the defendant be convicted under Count Eight, the conviction will defeat her vagueness claim to the extent based on lack of fair notice.

Count Nine charges the defendant with conspiring to violate 21 U.S.C. §§ 952(a) and 960(a)(1), in violation of 21 U.S.C. § 963. The Court has not undertaken an analysis of these statutes similar to that regarding Sections 841(a) and 846, but the parties should do so in preparation for trial.[8]

### III. A Scienter Element Less Than Willfulness May Also Defeat a Defendant's Claim of Lack of Fair Notice.

As noted, "a scienter requirement may mitigate a law's vagueness…." *Village of Hoffman Estates*, 455 U.S. at 499; *accord Biro*, 143 F.3d at 1421. As discussed in Part II, a scienter requirement of willfulness does not merely mitigate vagueness but precludes a challenge to vagueness based on lack of fair notice. While not invoking willfulness, the government asserts that a "robust scienter requirement" is in play here and that this requirement, combined with the government's evidence of actual notice by the defendant, should result in rejection of the defendant's vagueness challenge. (Doc. 94 at 44). While the government

---

[8] The Court notes that the pattern jury instruction for Section 963, in language identical to that covering Section 846, requires the jury to find that the defendant "knew the unlawful purpose of the plan and willfully joined it." Eleventh Circuit Pattern Jury Instructions, Offense Instruction 100 (2010).

does not identify this "robust scienter requirement," the case on which it relies does so.

In *United States v. Turcotte*, 405 F.3d 515 (7th Cir. 2005), the Court explored the interplay between Sections 841(a) and 802(32)(A). Because a conviction under Section 841(a) requires that the "defendants must know that the substance in question is a controlled substance," *id*. at 525, the Court concluded that, in the CSA context, "the defendant must know that the substance in question was a controlled substance analogue." *Id*. at 527. "That is, the defendant must know that the substance at issue meets the definition of a controlled substance analogue set forth in § 802(32)(A)," which means she must know that the chemical structure of the CSA is substantially similar to that of the controlled substance and also that the CSA has stimulant, depressant or hallucinogenic effects substantially similar to those of the controlled substance. *Id*. This, the Court announced in language borrowed by the government herein, is a "robust scienter requirement." *Id*. at 531.

In the Eleventh Circuit as in the Seventh, "[t]he § 841(a) offense is complete once the person commits the proscribed act and knows that the substance is a 'controlled substance.'" *United States v. Sanders*, 668 F.3d 1298, 1309 (11th Cir. 2012). As the *Turcotte* Court concluded, maintaining a parallel requirement in the CSA context necessitates a showing that the defendant knew the substance at issue (here, XLR11) was a CSA. The Court construes the government's invocation of *Turcotte* and its "robust scienter requirement" as an acceptance of this burden.

The defendant's vagueness argument, as it relates to fair notice, is that she was not on notice that XLR11 was a CSA. (Doc. 77 at 1). To the extent the government must prove the defendant knew XLR11 was a CSA in order to obtain

a conspiracy conviction under Section 846, her conviction under Count Eight would negate her fair notice argument.[9]

DONE and ORDERED this 11th day of April, 2014.

s/ WILLIAM H. STEELE<br>CHIEF UNITED STATES DISTRICT JUDGE

---

[9] As with the willfulness analysis in Part II, the Court has not addressed in Part III the effect of a scienter requirement short of willfulness on the defendant's vagueness challenge to Count Nine. As advised in Part II, the parties should do so in preparation for trial.